IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNETT JEROME CHEE,

      Petitioner,

vs.                                                                                                                                               No. CIV 18-1197 JB\LF

MESCALERO APACHE TRIBAL COURT, and
THE ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Prisoner in State Custody, filed December 17, 2018 (Doc. 1)("Petition"). Petitioner Dennett Jerome Chee has been released from custody. See Mail Returned as Undeliverable at 1, filed January 7, 2019 (Doc. 4)("First Return"); Response at 1, filed February 7, 2019 (Doc. 7)("First OTC Response"); Response -- Notice of Change of Address at 1, filed February 3, 2020 (Doc. 11)("Second OTC Response").  Chee's § 2254 claims are thus moot, and the Court will dismiss this case because of the absence of a present case or controversy.  In addition, mail to Chee is being returned as undeliverable, and Chee has repeatedly not responded to orders that he provide the Court with a current address.  The Petition will also be dismissed under rule 41(b) of the Federal Rules of Civil Procedure for Chee's failure to comply with Court orders and rules and failure to prosecute.

**FACTUAL AND PROCEDURAL BACKGROUND**

Chee filed his Petition on December 17, 2018.  See Petition at 1.  When he filed his Petition, Chee was incarcerated at the Sandoval County Detention Center.  See Petition at 53.  Shortly

thereafter, the Court's mail to Chee was returned as undeliverable.  <u>See</u>, <u>e.g.</u>, First Return at 1.  The Court issued an Order to Show Cause on January 10, 2019, directing Chee to provide the Court with a current address or show cause within 30 days why the case should not be dismissed.  <u>See</u> Order to Show Cause at 1-2, filed January 10, 2019 (Doc. 5)("First OTC").  The copy of that Order mailed to Chee was also returned as undeliverable.  <u>See</u> Mail Returned as Undeliverable at 1, filed January 17, 2019 (Doc. 6)("Second Return"),

Chee filed an untimely response to the First OTC, stating that he was no longer in custody and advising the Court that he resided in Santa Fe, New Mexico.  <u>See</u> First OTC Response at 1-2.  Based on Chee's statement that he is no longer in custody, the Court issued an Order to Show Cause on January 2, 2020, ordering Chee to show cause why this case should not be dismissed as moot.  <u>See</u> Order to Show Cause at 1, filed January 2, 2020 (Doc. 9)("Second OTC").  The copy of the Second OTC mailed to Chee's updated address was returned as undeliverable.  <u>See</u> Mail Returned as Undeliverable, filed January 14, 2020 (Doc. 10)("Third Return").  On February 3, 2020, however, Chee filed the Second OTC Response.  The Second OTC Response provides the Court with another new private address in Penasco, New Mexico, but it did not address the custody issue raised in the Court's January 2, 2020 Order.  <u>See</u> Second OTC Response at 1-2.

At the same time, Chee also requested an extension of time to respond to the Second OTC.  <u>See</u> Motion for Extension of Time to File Response at 1, filed February 3, 2020 (Doc. 12)("Motion").  Chee then filed a letter response, expressing concerns about actions of the Mescalero Apache Tribe, but he did not speak to the custody issue raised in the Second OTC.  <u>See</u> Letter at 1, filed March 9, 2020 (Doc. 13).  The Court's mail to Chee returning a filed copy of the letter also was returned as undeliverable.  <u>See</u> Mail Returned as Undeliverable at 1, filed March 16, 2020 (Doc. 14)("Fourth Return").  On April 3, 2020, the Court granted Chee an extension of

time and ordered him to provide the Court with a current address and to respond to the Second OTC's custody issue within thirty days.  See Order at 1-2, filed April 3, 2020  (Doc. 15)("Third OTC").  The copy of the Court's Order sent to Chee's address of record was again returned as undeliverable.  See Mail Returned as Undeliverable at 1, filed April 13, 2020 (Doc. 16)("Fifth Return").  More than thirty days has elapsed since the Order's entry on April 3, 2020, and the Court has received no communication from Chee.

## LAW REGARDING 28 U.S.C. § 2254'S CUSTODY REQUIREMENT

A prisoner in state custody may seek release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Section 2254 provides that an application for a writ of habeas corpus may be made "in behalf of a person in custody . . . ." 28 U.S.C. § 2254(a) (emphasis added).  To obtain relief under § 2254, a petitioner must be in custody.  See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).  When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot, because it no longer presents a case or controversy under Article III, § 2, of the Constitution of the United States of America.  See Spencer v. Kemna, 523 U.S. at 7-8.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-478 (1990)(quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).  See Preiser v. Newkirk, 422 U.S. 395, 401 (1975).  A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Cont'l Bank Corp, 494 U.S. at 477.

An incarcerated prisoner's challenge to his conviction's validity always satisfies the case-or-controversy requirement, because the incarceration -- or restrictions imposed by the terms of

the parole -- constitutes a concrete injury caused by the conviction and redressable by invalidation of the conviction. See, e.g., Sibron v. New York, 392 U.S. 40, 55-56 (1968). Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).

## **ANALYSIS**

In this case, Chee seeks relief under § 2254. See Petition at 1. In his Petition, Chee states that he was incarcerated and serving his sentence at the Sandoval County Detention Center. See Petition at 1. Chee challenged his conviction and sentence and sought release from custody.[1] See Petition at 1-3. Mail sent to Chee at the Sandoval County Detention Center was returned as undeliverable. See First Return at 1. The Court then ordered Chee to Show Cause, directing Chee to provide the Court with a correct mailing address within thirty days. See First OTC at 1-2. Chee responded to the First OTC, stating that he had been released from the Sandoval County Detention Center on December 14, 2018, and that he resided at a private address in Santa Fe. See First OTC Response at 1.[2] Chee's address has changed several times since his notice, and all of the addresses he has provided appear to be private addresses rather than prison or jail facilities. See First OTC Response at 1; Second OTC Response at 2; Letter at 1. Based on the record, Chee is no longer in custody. See Letter at 1. Accordingly, there is no longer any case or controversy that can be

---

[1] A question exists as to whether Chee is in custody pursuant to the Judgement of a State court or whether he is in custody pursuant to a Mescalero Apache Tribal Judgment. See 28 U.S.C. § 2254(a). However, Chee filed this proceeding as a § 2254 proceeding. See Petition at 1. Because Chee has repeatedly not informed the Court of his address, the Court is unable to resolve that question and will treat this case as a § 2254 case.

[2] The Court notes that the address given by Petitioner Chee is located within the confines of the Pueblo of San Ildefonso, approximately 20 miles from Santa Fe.

remedied through a § 2254 proceeding. See Spencer v. Kemna, 523 U.S. at 7-8. The Court will therefore dismiss Chee's § 2254 Petition as moot. Carafas v. LaVallee, 391 U.S. at 237-38; Sibron v. New York, 392 U.S. at 55-56.

The Court may dismiss an action under rule 41(b) for failure to prosecute or failure to comply with courts orders or the rules of civil procedure. See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Even if the § 2254 custody requirement was met in this case, Chee has repeatedly not complied with the Court's Orders and the Federal Rules of Civil Procedure. The Court has issued three show-cause orders in this case. The Court has advised Chee of the need to keep the Court apprised of his correct address and to comply with the Court's rules and orders. Mail sent to every address Chee has provided, however, returned as undeliverable. See First Return at 1; Second Return at 1; Third Return at 1; Fourth Return at 1; Fifth Return at 1.

Chee has failed to keep the Court advised of his address as D.N.M.LR-Civ. 83.6 and the Court's Orders require. In addition, Chee has never substantively responded to the custody issue raised in the Court's First OTC. The Court will also dismiss this case under rule 41(b) for Chee's non-compliance with the First OTC, the Second OTC, and the Third OTC, and for Chee's failure to prosecute this case. See Olsen v. Mapes, 333 F.3d at 1204 n.3; Shabazz v. Parsons, 127 F.3d 1246, 1248-49 (10th Cir. 1997).

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Prisoner in State Custody, filed December 17, 2018 (Doc. 1), is dismissed without prejudice as moot and for failure to comply with Court orders and procedural rules and for failure to prosecute this case.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Party:*

Dennett Jerome Chee
San Ildefonso, New Mexico

    *Petitioner pro se*